| | | |
|---|---|---|
| GEORGE SPRUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1703 CAS |
| | ) | |
| MISSISSIPPI LIME COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant Mississippi Lime Company's Motion to Set Aside Clerk's Default and for Leave to File a Responsive Pleading Out of Time. The motion is accompanied by an affidavit. Plaintiff George Spruk opposes the motion. Defendant's reply is supported by an additional affidavit and documents. For the following reasons, the Motion will be granted, and the Clerk's Entry of Default previously entered in this matter will be vacated.

**Background**

This action was filed on June 16, 2017 by plaintiff George Spruk against Mississippi Lime Company ("defendant" or "MLC"). Plaintiff alleges that he sustained significant physical injuries on August 15, 2014 when he drove a tanker truck to defendant's St. Genevieve, Missouri facility, and was struck by a train car after he exited the tanker truck. Plaintiff contends that his injury was the direct result of MLC's negligence in that (1) its employee operating the train failed to keep a careful lookout; (2) it failed to train and/or supervise its employee operating the train car; (3) it failed to inform plaintiff how and where to proceed for the loading of his tanker; (4) it failed to warn plaintiff of the active railroad track in close proximity to where truck drivers such as plaintiff load

lime; and/or (5) it designed its loading facility so that it was unsafe for visiting drivers on the premises for the loading of lime.  Complaint, ¶ 14(a)-(e).

MLC's registered agent was served with summons and complaint on June 23, 2017, so MLC's response was due by July 14, 2017.  MLC did not respond timely to the complaint.  On July 24, 2017, plaintiff filed a motion for entry of clerk's default under Rule 55(a), Federal Rules of Civil Procedure, and for default judgment under Rule 55(b)(2).  A Clerk's Entry of Default under Rule 55(a) was entered July 28, 2018 (Doc. 7), and the case was transferred to the undersigned.

On August 4, 2017, MLC filed the instant motion to set aside the entry of default.  MLC asserts that the entry of default should be set aside because (1) the Clerk exceeded the authority to enter default under Rule 55(a) because plaintiff's motion for entry of default was not accompanied by an affidavit as required by the Rule; and (2) MLC's failure to respond was unintentional, it has a meritorious defense, and plaintiff would not be prejudiced if the default were excused.

**Legal Standard**

An entry of default under Rule 55(a) will not be set aside automatically.  Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause.  The Eighth Circuit has instructed that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"  Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party."  Johnson, 140 F.3d at 784.  In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for

deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We have rarely, if ever, excused the former." Id. (citing cases). In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id. (citing cases).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (internal quotation marks, punctuation and quoted case omitted). With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (internal quotation marks and quoted case omitted).

The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted).

**Facts**

Defendant's motion to set aside the Clerk's Entry of Default and its reply memorandum are accompanied by two affidavits of defendant's Vice President of Finance, Mr. Henken, and an affidavit of one of MLC's attorneys, Mr. Daniel Godar of Armstrong Teasdale LLP. Taken together,

the affidavits and the exhibits thereto establish that shortly after the complaint was filed in this case on June 16, 2017, Mr. Henken was contacted by several law firms who notified him of the suit and offered to represent MLC. Mr. Henken contacted Mr. Godar by telephone to discuss the suit, and Mr. Godar advised Mr. Henken to notify MLC's insurance company that suit had been filed.

On June 19, 2017, Mr. Godar received an email from MLC's registered agent, The Corporation Company ("TCC"), confirming that plaintiff filed the complaint. The same day, Mr. Godar was included on an email from MLC's insurance broker to MLC's insurance company, regarding the claim plaintiff had filed before the lawsuit was filed. Based on the timing and subject of the email, Mr. Godar believed that MLC's insurance company was aware of the complaint in this matter and was preparing to tender its defense.

On June 23, 2017, TCC was served with summons and complaint (Doc. 5). Four days later, on June 27, 2017, TCC delivered the summons and complaint to Armstrong Teasdale, to Mr. Godar's attention. On June 29, 2017, Mr. Godar's assistant sent the summons and complaint that was served on TCC to Mr. Godar. The same day, Mr. Godar sent an email to Mr. Henken, attaching the summons and complaint. Mr. Henken was out of the office on vacation from June 25, 2017 through July 10, 2017. When Mr. Henken returned to work and read the email, he did not open the attachment because he assumed it was "another copy of the lawsuit." Mr. Henken was unaware that MLC had been formally served with summons and complaint until August 1, 2017, and contacted Mr. Godar immediately after making this discovery. MLC did not retain Mr. Godar's firm as counsel in this matter until after the Clerk's Entry of Default was made on July 24, 2017.

**Discussion**

The Court finds that MLC has shown its failure to timely respond to the complaint was not contumacious or done with intentional delay or disregard for deadlines and procedural rules, but

rather that it arose from poor communication and misunderstandings complicated by the absence from work of MLC's officer responsible for responding to summonses and complaints. The facts indicate that defendant's error constitutes a "marginal failure" to meet pleading deadlines, as its response was due July 14, 2017, and the motion to set aside the entry of default was filed twenty-one days later.

Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of much more neglectful conduct than exists in this case. See, e.g., Johnson, 140 F.3d at 784-85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline); see also Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion). This Court has set aside entries of default under Rule 55(c) in comparable circumstances to the present case. See, e.g., Shephard v. Breeza, 2016 WL 51171, at *2 (E.D. Mo. Jan. 12, 2016).

With respect to the second factor, MLC asserts that it has meritorious defenses to plaintiff's suit, as it claims plaintiff's own negligence was the sole cause of the injuries he allegedly sustained. MLC points to a letter its insurance company sent denying plaintiff's insurance claim, which states in part:

> After a careful evaluation of the facts, the weight of the evidence would tend to indicate that our client is not responsible for this loss. Our investigation does not reveal any negligence on our client. The protocol of the drivers is to stay in their trucks while loading. Mr. Spruk was in-experienced or was not properly trained by McCorkle Trucking of these protocols. Mr. Spruk stepped out of his truck into the path of a moving rail car that was south bound on Track 1. Shortly after the loss, he admitted that he was not familiar with the loading protocols.

Letter from Darryl Wallach, ESIS Liability Specialist, to Jessica Waibel, National Interstate Insurance Company (Jan. 10, 2017) (Ex. D. to MLC's Reply). Evidence as described in the letter would permit a finding in MLC's favor, and there is some possibility the outcome following a full trial could be different than if default judgment were entered in plaintiff's favor. MLC has therefore established it has a meritorious defense.

Finally, MLC asserts that plaintiff cannot establish any prejudice if the entry of default is set aside, and plaintiff does not contend that he will be prejudiced.

**Conclusion**

For the foregoing reasons, the Court finds defendant has shown good cause under Rule 55(c), Fed. R. Civ. P., for setting aside the Clerk's entry of default in this matter. The Court does not address defendant's other argument, that the Clerk exceeded the authority to enter default under Rule 55(a). Defendant's Motion to Set Aside Clerk's Entry of Default will be granted. Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Set Aside Clerk's Entry of Default is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that defendant shall file its response to the complaint by **September 1, 2017**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of August, 2017.