UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE SPRUK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17-CV-1703 CAS |
| MISSISSIPPI LIME COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiff George Spruk's ("plaintiff") motion for leave to file an amended complaint. The motion is accompanied by a proposed amended complaint. Defendant Mississippi Lime Company ("defendant") opposes the motion. Plaintiff did not file a reply memorandum and the time to do so has passed. For the following reasons, plaintiff's motion for leave to file an amended complaint will be granted.

**Background**

Plaintiff filed this personal injury action in June 2017. Plaintiff, a truck driver, was struck and injured by a train in August 2014 at defendant's premises in Ste. Genevieve, Missouri, while he was there to receive a load of lime into his pneumatic tanker truck. A Case Management Order ("CMO") setting scheduling deadlines was issued September 25, 2017 (Doc. 21). Under the CMO, the deadline for motions for leave to amend pleadings was March 30, 2018, and the deadline for plaintiff to disclose expert witnesses was April 20, 2018.

On April 19, 2018, plaintiff filed a motion to extend the deadline for expert witness disclosure until May 30, 2018, based on "difficulty obtaining a date for Defendant's Corporate Designee's . . . deposition" and "difficulty in scheduling a site inspection of Defendant's premises."

Mot. for Ext. at 1 (Doc. 29). The Court initially denied the motion without prejudice because it proposed to change other dates relevant to both parties' expert disclosure and discovery, but did not indicate whether defendant consented to or opposed the relief sought. (DTO 30.) Plaintiff refiled the motion with defendant's consent (Doc. 31). The Court granted the motion and issued an Order Amending Case Management Order (Doc. 32) that extended the deadline for plaintiff to disclose his expert witnesses to May 30, 2018, and altered several other deadlines in the case.

On May 30, 2018, plaintiff filed the instant motion for leave to file an amended complaint. In the motion, plaintiff states that his expert disclosure indicates the defendant violated Mine Safety and Health Administration ("MSHA") regulation 30 C.F.R. § 57.14214, which required it to promulgate and follow safety rules mandating that train operators sound an audible horn when approaching persons, or any place where the operator's vision is obscured. Plaintiff states that a knowing violation of this statute supports the submission of punitive damages to the jury, and requests leave to amend his complaint to add allegations concerning the MSHA regulation and a for punitive damages. Plaintiff asserts that defendant will not be prejudiced by the amendment because it will have adequate time to respond to the punitive damage allegations, as its expert disclosure deadline is August 2, 2018, and discovery does not close until September 14, 2018.

Defendant opposes the motion, arguing that plaintiff is seeking leave to amend two months past the CMO's deadline as a result of delays that he solely caused. Specifically, defendant states it made the premises available for inspection in early December 2017, but plaintiff did not inquire about a site inspection until mid-April 2018 and the inspection did not take place until April 30, 2018. Defendant states that plaintiff offers no justification to extend the deadline for amending pleadings, and to the extent plaintiff had not inspected the premises or obtained a safety expert by

March 30, 2018, such delays were caused by plaintiff's own conduct. Defendant asserts generally that it would be "unfair and unjust" to allow plaintiff to suddenly assert a new claim for negligence and punitive damages "at this late date."

Plaintiff did not file a reply memorandum in support of his motion for leave to amend.

**Legal Standard**

Neither party addresses the legal standard applied to a motion for leave to amend a complaint once the CMO's deadline has passed. It is well established that a "motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "The primary measure of good cause is the movant's diligence." Id. (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). Courts generally do not consider prejudice to the nonmoving party if the party seeking leave to amend has not been diligent in meeting the case management order's deadlines. Id. (quoting Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)).

**Discussion**

Because the Case Management Order's deadline for motions to amend pleadings in this case passed on March 30, 2018, plaintiff is required to show good cause for the amendment under Rule 16(b)(4). See Kmak, 873 F.3d at 1034. Because plaintiff does not discuss the applicable Rule 16(b) standard in his motion, it might have aided the Court in making its decision if plaintiff had offered any statement in reply to defendant's opposition. In the absence of a reply, the Court will consider whether the reasons plaintiff offers in his motion for the late amendment constitute good cause under the rule.

As stated above, the primary measure of good cause under Rule 16(b) is the plaintiff's diligence in attempting to meet the CMO's requirements. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). Eighth Circuit "cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." Id. Here, two months after the CMO's deadline for amending pleadings, plaintiff seeks to assert a new claim of negligence based on defendant's alleged failure to comply with a MSHA regulation, and a claim for punitive damages. Although plaintiff obtained additional time to disclose his expert witness, there is no indication plaintiff has not been diligent in prosecuting this case or in attempting to comply with the CMO's deadline. The nature of the new negligence claim plaintiff seeks to assert, based on an alleged violation of an MSHA regulation, is not the type of claim plaintiff should have known of at the time he filed the original complaint. Cf. Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming district court's denial of leave to amend complaint under Rule 16(b) where the plaintiffs had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"). The Court also notes that the original CMO's deadline for amending pleadings passed some twenty days before the original expert witness deadline, so even if the expert disclosure deadline had not been extended, plaintiff might not have known of the new claim before the deadline for amending pleadings passed. Further, plaintiff's motion for leave to amend was filed two months past the deadline, which is not a particularly lengthy period of time. Under these circumstances, the Court finds that plaintiff has shown good cause for leave to amend under Rule 16(b).

The Court now turns to the issue of prejudice to the nonmoving party resulting from amendment. Here, defendant has not articulated any prejudice that will accrue to it as a result of

4

amendment, as opposed to a general assertion of unfairness. The Court finds that defendant will not be prejudiced by the amendment as it has until August 2, 2018 to disclose its own expert witness to counter plaintiff's new claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **GRANTED**. [Doc. 33]

**IT IS FURTHER ORDERED** that plaintiff shall promptly file the amended complaint without an exhibit sticker.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of June, 2018.